**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Craig Miller,<br><br>        Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>        Respondents. | No. CV-21-00992-PHX-ROS<br><br><u>DEATH PENALTY CASE</u><br><br>**ORDER** |

Before the Court is Respondents' Motion to Preclude Direct Victim Contact as well as Petitioner's Motion for Reconsideration. (Doc. 11, 14.) The motion regarding victim contact will be denied and the motion for reconsideration will be denied in part and granted in part.

**I.     Background**

In 2011 a Maricopa County jury convicted Miller of five counts of first-degree murder for the shooting deaths of Steven Duffy, Miller's employee and a co-defendant in a pending arson case, and Duffy's family. *See State v. Miller*, 234 Ariz. 31, 36, 316 P.3d 1219, 1224 (2013). He was sentenced to death for each murder after the jury found four aggravating circumstances, including the young age of one of the victims (10) and witness elimination, and determined that the mitigating circumstances were not sufficient to warrant leniency. *Id.* The convictions and sentences were affirmed on appeal. *Id.* Miller's subsequent efforts to obtain post-conviction relief in state court were ultimately unsuccessful. *State v. Miller*, 251 Ariz. 99, 485 P.3d 554 (2021).

On June 8, 2021, Miller filed a notice of intent to seek habeas corpus relief in this Court. (Doc. 1.) The Court appointed counsel (Doc. 5), and Respondents filed the pending motion seeking an order precluding Miller's counsel from contacting any victim in this case except where such conduct is initiated through Respondents' counsel. (*Id.*) Miller filed a response opposing the motion. (Doc. 12.) Respondents did not file a reply.

On September 3, 2021, the Court issued a Scheduling Order establishing a briefing schedule for the petition and a schedule for Petitioner's notice of request for evidentiary development. The Court also called for the state court record under one case number. On September 16, 2021, Petitioner filed a motion for reconsideration regarding two aspects of the Court's Scheduling Order. First, Petitioner requests the notice of request for evidentiary development be due after full briefing on the petition. Second, Petitioner requests the Court call for the state court record under other state court case numbers.

## II. Victim Contact Motion

Respondents' motion relies on provisions of federal and state law, including the federal Crime Victims' Rights Act ("CVRA") and Arizona's Victims' Bill of Rights ("VBR"). (*See* Doc. 11 at 2.) As discussed in greater detail below, the Court denies the motion because Respondents lack standing to enforce the provisions of the CVRA in these federal habeas proceedings. *See* 18 U.S.C. § 3771(b)(2)(B)(i).[1] Even if Respondents had standing, the requested relief is inconsistent with state law that provides for the expiration of the requested protections at the conclusion of state court postconviction relief proceedings. *See* A.R.S. § 13-4402(A). Finally, Respondents ask for resolution of a dispute that has not ripened and may never ripen, and ask the Court to presume that all direct contact with victims by Miller's defense team violates a victim's rights to dignity and privacy. *Cf. United States v. Howard*, 793 F.3d 1113, 1114 (9th Cir. 2015) (Kozinski, J., concurring) ("Defendants should not be presumed to engage in witness tampering or

---

[1] Respondents did not address the issue of standing in their motion, nor did they reply to Miller's argument that they lack standing to enforce the CVRA (Doc. 12 at –4).

intimidation; only if there is actual proof of tampering or intimidation should the district judge get involved.").

### A. Standing

The CVRA states that in federal habeas proceedings arising out of state court convictions, the court must ensure a crime victim is afforded various rights, including, as relevant here, "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8), (b)(2)(A). The Court finds Respondents do not have statutory authority to invoke the CVRA on a state crime victim's behalf. *See Forde v. Shinn*, No. CV-21-00098-TUC-SHR, 2021 WL 2555430, at *2 (D. Ariz. June 22, 2021).

While the Government may assert a victim's rights in a federal criminal trial,[2] only "the crime victim or the crime victim's lawful representative" may enforce the CVRA in federal habeas proceedings. 18 U.S.C. § 3771(b)(2)(B)(i). Respondents, the Director of the Arizona Department of Corrections and the Wardens at the Arizona State Prison Complex (Eyman and Florence), are not the crime victims' lawful representative. In Arizona "the rule is well established that a prosecutor does not 'represent' the victim in a criminal trial." *State ex rel. Romley v. Superior Ct. In & For Cty. of Maricopa*, 181 Ariz. 378, 382, 891 P.2d 246, 250 (App. 1995).[3] Nor can the Court assume Respondents' interests and the victims' interests are coextensive. Finally, as Miller notes, Respondents have not asserted that any victim in this case has expressed a desire to avoid direct contact with Miller's counsel. (Doc. 12 at 10.)

Accordingly, the Court will deny Respondents' motion for lack of standing.

### B. Arizona State Law

Even if Respondents' had standing to enforce the CVRA, the statutory provision Respondents seek to enforce expires at the conclusion of state court proceedings. *See*

---

[2] *See* 18 U.S.C. § 3771(a) and (d)(1).

[3] Under Rule 39 of Arizona Rules of Criminal Procedure, a state prosecutor does have standing to assert any of the rights a victim is entitled to in any criminal proceeding upon the victim's request. *See* Ariz. R. Crim. P. 39(d)(2). The Rule acknowledges that conflicts may arise between the prosecutor and the victim in asserting the victim's rights and provides a mechanism for resolving them. *See* Ariz. R. Crim. P. 39(d)(3).

*Forde*, 2021 WL 2555430, at *2. The Arizona law at issue, A.R.S. § 13-4433(B), is one of several statutory provisions enacted to implement the VBR. These provisions are known as the Crime-Victims' Rights Implementation Act, A.R.S. § 13-4401 *et seq.* ("CVRIA"). The VBR consists of twelve specific rights to "preserve and protect victims' rights to justice and due process," including the right of a crime victim "[t]o be treated with fairness, respect, and dignity, and to be free from intimidation, harassment or abuse, throughout the criminal justice process." Ariz. Const. Art. 2, § 2.1(A)(1); *see State ex rel. Romley v. Hutt*, 195 Ariz. 256, 258, 987 P.2d 218, 221 (App. 1999) (discussing provisions of Arizona's Victims' Bill of Rights and implementing legislation). Under § 13-4433(B), defense counsel may contact the victim or the victim's immediate family only through the prosecutor.[4] The latter provision is not a right provided by the Arizona Constitution.

Contrary to Respondents assertion that "the Arizona Legislature has specifically directed that Arizona's victims' rights protections apply until a case's final disposition, including during related federal court litigation" (Doc. 11 at 5), the statutory provisions of the VBR contemplate that the rights and duties established under A.R.S. § 13-4433(B) expire at the conclusion of state court proceedings. *See* A.R.S. § 13-4402(A); *see also* Ariz. R. Crim. P. 39(a)(3) ("A victim retains the rights provided in these rules until the rights are no longer enforceable under A.R.S. §§ 13-4402, 13-4402.01, and 13-4433."). The rights and duties established under A.R.S. § 13-4433(B) continue to be enforceable until the "final disposition of the charges,"[5] all "post-conviction release and relief proceedings and the discharge of all criminal proceedings relating to restitution."[6] *Id.* Respondents incorrectly argue that the CVRIA's definition of "appellate proceedings" suggests a

---

[4] References to defense counsel in this order encompass a defendant's attorney or any other agent of the defendant, including investigators or paralegals.

[5] "Final disposition" is defined in the CVRIA to mean "the ultimate termination of the criminal prosecution of a defendant by a trial court, including dismissal, acquittal or imposition of a sentence" A.R.S. § 13-4401(1).

[6] Neither party has indicated whether any victim is owed restitution in this matter. Because the Court finds Respondents lack standing to enforce the CVRA, evidence of restitution owed to any victim would not make a difference to the Court's final decision.

- 4 -

continuation of protections through related federal litigation. However, § 4402(A), which provides for the cessation of § 4433's protections, does not contain the term "appellate proceedings." Respondents' suggestion that the term somehow applies to § 4433 is therefore unconvincing.

There is no reason to believe the term "postconviction relief proceedings" in the relevant section includes federal habeas review. *See* A.R.S. § 13-4401(15) ("'Post-conviction relief proceeding' means a contested argument or evidentiary hearing that is held in open court and that involves a request for relief from a conviction or sentence.") By contrast, § 13-4433(H) specifically states a victim's right to refuse an interview remains enforceable "beyond a final disposition" as prescribed in § 13-4402(A). If all the statutory protections in § 13-4433 remained viable after the conclusion of state court proceedings, § 13-4433(H) would be superfluous. Moreover, § 13-4433(H) demonstrates that the Arizona legislature was cognizant of the need to address the cessation of certain protections, and concomitant with the right to refuse interviews afforded victims by the Arizona Constitution, chose to enact legislation to protect a victim's right to refuse an interview even after the final disposition of the charges, but not the right to contact by the defense team only through a prosecutor's office. *Cf. Delgado v. U.S. Att'y Gen.*, 487 F.3d 855, 862 (11th Cir. 2007) (explaining that "[w]here Congress knows how to say something but chooses not to, its silence is controlling." (quotations omitted)).

Respondents note that several Courts in this District have granted relief similar to that requested here. (Doc. 11 at 2–3); *see also Johnson v. Shinn*, CV 18-00889-PHX-MTL (Doc. 15 at 4–6) (compiling cases). However, none of the cases relied upon by Respondents hold that A.R.S. § 13-4433 directly applies to federal habeas proceedings; rather, in those cases the courts exercised their discretion to apply A.R.S. § 13-4433 for purposes of effectuating the CVRA, finding that it furthers the goal of respecting a crime victim's dignity and privacy without unduly burdening the petitioner. *See id.* While the Court understands the role comity and federalism play in habeas proceedings, Respondents have not shown that such principles require application of the CVRIA—whose relevant

protections have expired by its own terms—as state law governing this Court's oversight of federal habeas counsel. *Cf. Armstrong v. Shinn*, CV 15-00358-PHX-RM (Doc. 123 at 3). The CVRA, rather than the VBR, applies to these federal habeas proceedings, and as already noted Respondents lack standing to invoke the CVRA to preclude victim contact. *See* 18 U.S.C. § 3771(b)(2)(B)(i).

Citing *State v. Lee*, 226 Ariz. 234, 245 P.3d 919 (App. 2011), Respondents assert the dissipation of a victim's rights under state law after the conclusion of state court proceedings would "render those rights meaningless." (Doc. 11 at 2.) In *Lee*, an Arizona appellate court held that a trial court judge in a civil forfeiture case proceeding parallel to a criminal proceeding had erred by compelling pre-trial depositions of the crime victims because "the right to refuse to be deposed is immediately and completely defeated if the defendant can compel a victim to submit to a deposition in a separate proceeding." *Id.* at 924. However, the forfeiture proceedings in *Lee* were concurrent with the criminal proceedings and, as the court explained, the purpose underlying a victim's right to refuse a pretrial interview is to protect the victim's privacy and minimize contact with the defendant prior to trial. *Id.* (citing *State v. Riggs*, 189 Ariz. 327, 330, 942 P.2d 1159, 1162 (1997)). *Lee* also cited *Champlin v. Sargeant In and For County of Maricopa*, 192 Ariz. 371, 965 P.2d 763 (1998), which states an additional purpose of the VBR includes the victim's right to be free from re-traumatization during the pretrial process, but also emphasizes that nothing in the VBR or § 13-4433 "supports the argument that victims have a blanket right to be shielded from all contact with defendants or their attorneys." *Id.* at 375, 965 P.2d at767.

The cases cited by Respondents (Doc. 12 at 3–4) further emphasize the purpose of the § 4433(B) protection is to minimize unwelcome contact with a defendant *prior to trial*. *See J.D. v. Hegyi*, 236 Ariz. 39, 42, 335 P.3d 1118, 1121 (2014) ("[T]he right to refuse a defense interview allows a victim to avoid contact with the defendant before trial. The right also respects the victim's privacy, at least in the sense of preventing unwelcome questioning by the defense *before the victim testifies in court*. Such contact or questioning

by the defense could subject the victim to further trauma.") (quotations omitted) (emphasis added); *Riggs*, 189 Ariz. at 330, 942 P.2d at 1162 ("A victim's right to refuse a pretrial interview . . . stems from 'the desire to protect a victim's privacy and minimize contact with the defendant *prior to trial*.'") (quotation omitted) (emphasis added).

### C. Inherent Authority and Ripeness

The Court agrees with Respondents that it has the inherent authority to regulate this proceeding and enter orders necessary to achieve the orderly and expeditious resolution of its docket. *See Nat. Gas Pipeline Co. of Am., Inc. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996). It does not necessarily follow, however, the Court has the inherent authority to proscribe otherwise lawful conduct outside the courtroom by Miller's defense team beyond the statutorily authorized protections provided to victims under federal law. *See Forde*, 2021 WL 2555430, at *4. Simply put, federal law does not bar a defense team from contacting victims. *See* 18 U.S.C. § 3771(b)(2)(B)(A).

A "statute's carefully crafted and detailed enforcement scheme provides 'strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly.'" *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 254 (1993) (quoting *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985)); *see also In re Kenna*, 453 F.3d 1136, 1137 (9th Cir. 2006) (rejecting victim's argument that the CVRA "confers a general right for crime victims to obtain disclosure of the [presentence report]" after "[f]ailing to find support for [the victim's] argument in either the language of the statute or the legislative history"). This Court may not judicially graft new rights onto the statute. *See Transamerica Mortg. Advisors, Inc. (TAMA) v. Lewis*, 444 U.S. 11, 19 (1979) ("[I]t is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it.").

Even if the Court has inherent authority to grant the requested relief, it is not necessary at this time. *See Forde*, 2021 WL 2555430, at *4. Respondents assert that incorporating the VBR's restrictions would promote victims' interest in fairness, respect and dignity. The federal CVRA, however, already specifically singles out state crime

victims in federal habeas cases and provides them "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. §§ 3771(a)(8), (b)(2)(A). The Court rejects Respondents' position that all contact with surviving victims is per se disrespectful and violative of a victim's privacy and dignity. If that were the case, defendants and petitioners could never contact victims in federal court under the CVRA. Respondents have not demonstrated that the protections of the CVRA are insufficient to protect state crime victims during federal habeas proceedings. There is no evidence that the victims themselves have requested such protections. Accordingly, the Court declines to directly apply the VBR's restrictions in these proceedings, or to overlay those restrictions onto the federal CVRA.

This is not to say counsels' conduct regarding victims is without limitations. Arizona's Rules of Ethics are applicable to counsel through Local Rule of Civil Procedure 83.2(e). First, the victims have an unequivocal right to refuse to speak to Petitioner's counsel. And Arizona's Rules of Professional Conduct prohibit counsel from using "means that have no substantial purpose other than to embarrass, delay, or burden any other person, or use methods of obtaining evidence that violate the legal rights of such a person." Ariz. R. Sup. Ct. 42, E. R. 3.5. As previously discussed, the victims in this case are entitled to the "right to be reasonably protected from the accused" and to be "treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). The victims can voluntarily decide to have no contact with counsel and counsel must respect that decision.

**III.  Reconsideration**

Petitioner seeks reconsideration of the Court's Order imposing a June 1, 2022, deadline for filing his notice of a request for evidentiary development. The general practice in this district has been to allow a capital petitioner file such a notice after complete briefing of the petition. However, that approach has resulted in significant confusion and delay in at least one other case. *See* CV-18-3290.

In the present case the June 1, 2022, deadline gives Petitioner significant time to investigate his claims, including the procedural status of each claim. And while Petitioner is correct that procedural default is an affirmative defense he need not address until raised, the Court might be permitted to raise procedural issues on its own. *See Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998) ("Generally, a habeas court may, in its discretion, reach the merits of a habeas claim or may insist on exhaustion of state remedies despite a State's waiver of the defense."). Therefore, it is appropriate to require Petitioner to pursue and identify potential evidence regarding procedural matters, even if it is not certain Respondents will raise procedural default. Moreover, it is unclear how Petitioner could wait until after Respondents' answer to begin investigative efforts regarding procedural default. In brief, there is no need to permit the notice for evidentiary development be filed long after Respondents' answer. Therefore, the June 1, 2022, deadline will remain as set.

Finally, Petitioner requests the Court call for additional state court records. That aspect of the motion for reconsideration will be granted.

Accordingly,

**IT IS ORDERED** Respondents' Motion to Preclude Direct Victim Contact (Doc. 11) is **DENIED**.

**IT IS FURTHER ORDERED** the Motion for Reconsideration (Doc. 14) is **GRANTED IN PART** and **DENIED IN PART**. The notice of evidentiary development remains due on **June 1, 2022**.

**IT IS FURTHER ORDERED** the Clerk of the Arizona Supreme Court transmit certified copies of Petitioner's entire state court record in Maricopa County Superior Court Case Nos. CR-2006-008155-001 and CR-2005-140129-001 with an index of record and including all transcripts, but excluding trial exhibits.

…

…

…

…

**IT IS FURTHER ORDERED** that the Clerk of Court send a copy of this Order to: Tracie K. Lindeman, Clerk of the Arizona Supreme Court, 1501 W. Washington, Suite 402, Phoenix, Arizona 85007-3329.

Dated this 30th day of September, 2021.

Honorable Roslyn O. Silver
Senior United States District Judge