**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Craig Miller, | No. CV-21-00992-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Petitioner William Miller seeks to modify the briefing schedule. Under the current schedule, the petition is due April 1, 2022, and the answer is due June 30, 2022. Petitioner still plans to file his initial petition by April 1 but also plans to serve "an amended petition on or before August 1, 2022." (Doc. 19 at 2). Given that, Petitioner requests the Court reset the schedule such that no answer be required until October 31, 2022. Respondents do not oppose this request but note they "do not waive statute-of-limitations objections." (Doc. 19 at 1).

According to Petitioner, the amended petition will be necessary because of the "ongoing COVID-19 pandemic" and its impact on his counsel's ability to conduct the investigation they believe appropriate. (Doc. 19 at 3). Petitioner acknowledges the statute of limitations will expire in April 2022 but states, if necessary, he will invoke equitable tolling to excuse any untimeliness of claims asserted in his amended petition. (Doc. 19 at 4).

Because the request to reset the briefing schedule is not opposed, it will be granted.[1] However, granting this request does not constitute any comment by the Court on the appropriateness of equitable tolling. Equitable tolling is a difficult standard to meet. *See, e.g.*, *Smith v. Davis*, 953 F.3d 582, 599 (9th Cir. 2020) (equitable tolling requires diligence before, during, and after the impediment was in place as well as extraordinary circumstances). And as the Court noted in a different capital habeas matter where counsel sought to invoke Covid-19 to extend deadlines, "the extraordinary circumstances of Covid-19 may merit deviation" from the ideal practices for habeas counsel. (CV-18-3290, Doc. 49 at 2). In other words, even if counsel would prefer to conduct all investigation in-person, such investigation may not be appropriate given current conditions. Counsel must consider pursuing alternative methods.

Accordingly,

**IT IS ORDERED** the Motion to Modify Briefing Schedule (Doc. 19) is **GRANTED**. The parties shall comply with the following deadlines:

1. Petitioner shall file a Petition for Writ of Habeas Corpus no later than **April 1, 2022**.
2. Petitioner shall file an Amended Petition for Writ of Habeas Corpus no later than **August 1, 2022**.
3. Respondents shall file an Answer no later than **October 31, 2022**.
4. Petitioner shall file a reply no later than **December 12, 2022**.
5. Any notice of request for evidentiary development shall be filed no later than **August 1, 2022**. The response shall be filed within thirty days of the notice and the reply within twenty-one days of the response.

…

…

…

…

…

---

[1] Given this extension, any request for evidentiary development will be due the same date as the amended petition.

1    **IT IS FURTHER ORDERED** the Motion to Seal (Doc. 20) is **GRANTED**.  This
2 Order shall not be sealed.
3    Dated this 21st day of January, 2022.

                                          Honorable Roslyn O. Silver
                                          Senior United States District Judge