**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Craig Miller, | No. CV-21-00992-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

The initial petition for writ of habeas corpus is due April 12, 2022. (Doc. 29). Respondents will not answer that petition, however, because Petitioner will file an amended petition no later than August 1, 2022. Respondents will then answer the amended petition no later than October 31, 2022. (Doc. 22). Petitioner now seeks to "suspend application of the 200-page limit" regarding his initial petition. (Doc. 30 at 1). Petitioner proposes filing an initial petition of whatever length he believes appropriate but at least 300 pages. Petitioner wishes to make this filing without establishing the specific good cause present to exceed the page limits. Then, for his amended petition, Petitioner would either ensure that petition complies with the page limits or, more likely, attempt to establish good cause to exceed the page limits.

According to Petitioner, "it would be reasonable to prepare a federal habeas petition that is 350 pages" but "the shortest petition reasonably possible under the circumstances" would be 300 pages. Petitioner has not explained, however, why such an oversized petition is necessary in this case. Petitioner first argues he is "not in a position . . . to articulate

good cause justifying an excess number of pages." (Doc. 30 at 4). But later, Petitioner argues good cause exists because, in state court, his direct appeal and post-conviction relief briefs totaled almost 300 pages. (Doc. 30 at 4). Petitioner does not explain why he cannot articulate good cause with more specificity at this point if he already believes at least 300 pages will be necessary.

The initial petition will not be the operative petition for long but the present request to exceed page limits regarding that petition will be denied as Petitioner has not established good cause exists. Petitioner may renew his request if he is able to identify the specific good cause justifying his request. Petitioner is warned, however, that page limits exist to ensure cases can be litigated efficiently and those limits presumptively apply to every capital habeas case. Thus, should Petitioner seek to exceed the page limits regarding his initial petition, he must identify the case-specific reasons justifying his request. Merely arguing Petitioner filed very lengthy briefs in state court or that Petitioner has many claims he wishes to litigate will not be sufficient. Parties in all types of litigation routinely determine how to bring their filings within the page limits. Determining which arguments are viable and which are not is a core aspect of counsel's obligations. A limit of 200 pages for a capital petition is a reasonable length, subject to adjustment upon a sufficient showing.

Accordingly,

**IT IS ORDERED** the Motion to Temporarily Suspend Compliance with Local Rule (Doc. 30) is **DENIED**.

Dated this 31st day of March, 2022.

Honorable Roslyn O. Silver
Senior United States District Judge