**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Craig Miller,<br><br>            Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>            Respondents. | No. CV-21-00992-PHX-ROS<br><br>DEATH PENALTY CASE<br><br>**ORDER** |

Petitioner William Miller, an Arizona death row inmate seeking habeas relief, has filed the following motions: a motion for leave to file a redacted amended habeas petition that exceeds the District's limit of 200 pages (Doc. 46); a motion to file under seal an unredacted amended petition (Doc. 48); and a motion to file under seal an unredacted notice of request for evidentiary development (Doc. 51). Miller has also lodged the following documents: a proposed redacted amended petition (Doc. 47); a proposed unredacted amended petition (Doc. 49); and a proposed unredacted notice of request for evidentiary development (Doc. 52). Respondents oppose Miller's request to file an overlong petition. (Doc. 53.)

**I.      Background**

In 2011 a Maricopa County jury convicted Miller of five counts of first-degree murder for the 2006 shooting deaths of Steven Duffy and Duffy's girlfriend, brother, and children. *See State v. Miller*, 234 Ariz. 31, 36, 316 P.3d 1219, 1224 (2013). Duffy was Miller's employee and a co-defendant in a pending arson case. *Id.* Miller was indicted for

arson and fraud after Duffy cooperated with the police and admitted that he and Miller had burned down Miller's home. *Id.*

Miller blamed Duffy for the indictment and tried to recruit four different men to kill him. *Id.* Duffy and his family were later found shot to death in their home with weapons linked to Miller. *Id.*

Miller was sentenced to death for each murder. *Id.* The jury found four aggravating circumstances, including the young age of one of the victims (10) and witness elimination, and determined that the mitigating circumstances were not sufficient to warrant leniency. *Id.* The convictions and sentences were affirmed on appeal. *Id.* Miller's subsequent efforts to obtain post-conviction relief ("PCR") in state court were ultimately unsuccessful. *State v. Miller*, 251 Ariz. 99, 485 P.3d 554 (2021).

On June 8, 2021, Miller filed a notice of intent to seek habeas corpus relief in this Court. (Doc. 1.) He filed his initial habeas petition on April 11, 2022. (Doc. 32.) The Court denied Miller's request to exceed the page limit for that filing because he failed to show good cause for the request. (Doc. 31.) The Court subsequently granted Miller's request to file a petition that exceeded the limit by one page and to file an unredacted petition under seal. (Doc. 38.)

**II.    Analysis**

    **A.    Motion to exceed page limit**

Rule 3.5(b) of Local Rules of Civil Procedure imposes a 200-page limit on capital habeas corpus petitions. The Rule provides that the Court may grant leave to exceed the page limit if a party demonstrates "good cause," files a motion to exceed on or before the operative deadline, and attaches a copy of the proposed filing with the motion. LRCiv 3.5(b).

Miller's lodged proposed petition is 244 pages long. As good cause to exceed the 200-page limit, Miller first cites the Court's order directing him to "raise in his first petition all known claims of constitutional error or deprivation" and to "set[] forth the facts supporting each ground for habeas relief." (Doc. 5 at 3) (quotation marks omitted). The

Court previously rejected Miller's argument that the duty of counsel to thoroughly raise habeas claims is a "case specific" grounds for suspending the page limitation of Rule 3.5(b). (Doc. 31 at 2.)

Miller explains that the "primary reason" for his request to exceed the page limits "is that undersigned counsel's subsequent investigation has produced new evidence that must also be addressed in his amended petition, necessitating additional pages." (Doc. 46 at 2.) Miller contends that information discovered since the filing of his initial petition, including consultation with experts and witness interviews, provides good cause for the additional pages.

Miller also argues that "[u]nique features" of the state court record in his case make compliance with the 200-page limit "impractical." (*Id.* at 3.) The unique features he refers to are the length of the briefing on direct appeal and during PCR proceedings and the "factual breadth" of the case, which consists of "literally three cases in one"—the murder case along with Miller's arson and solicitation cases. (*Id.* at 3, 4.) According to Miller, police disclosures in the murder and arson cases total more than 6000 pages, and PCR counsel developed a factual record consisting of "thousands of pages." (*Id.* at 4.) The record in Miller's case included a pretrial period of more than five years and a trial that lasted nearly two months. (Doc. 54 at 4.) These circumstances are specific to Miller's case and satisfy the good cause standard.

This determination is consistent with rulings in other cases interpreting Rule 3.5(b). In *Payne v. Shinn*, for example, the court found good cause for the petitioner's request to exceed the page limit by 44 pages based on "the volume and complexity" of the case. *Payne*, No. CV-20-0459-TUC-JAS, 2022 WL 1224319, at *1 (D. Ariz. Apr. 26, 2022); *see Forde v. Shinn*, No. CV-21-0098-TUC-SHR, Doc. 40 (D. Ariz. June 9, 2022) (finding good cause for request to exceed page limits by 43 pages based on volume and complexity of the case and habeas counsel's duty to raise all claims and facts in support). The court in *Payne* specifically noted that the guilt phase of the petitioner's trial lasted 17 days and that the appellate and postconviction briefing consisted of "dozens of issues across

approximately 300 pages." *Id.* The length of Miller's murder trial and the extent of the state court briefing are comparable to those in Payne's case, while the entire extent of the record in Miller's case, which includes the arson case, exceeds the record in *Payne*.

Respondents counter that Miller cannot show good cause to exceed the page limit because the new evidence he has developed is inadmissible under *Pinholster* and *Ramirez*.[1] (Doc. 52 at 2.) The Court agrees with Miller, however, that such a determination cannot be made at this point, and that neither *Pinholster* nor *Ramirez* imposes a complete ban on a habeas court's consideration of new evidence. (*See* Doc. 54 at 2–3.)

Miller's request to exceed the page limit is therefore granted.

### B. Motions to Seal

Miller moves to file under seal unredacted versions of his amended habeas petition (Doc. 48) and his notice of request for evidentiary development (Doc. 51). With respect to the unredacted amended petition, Miller indicates that the state court sealed a number of items in Miller's trial and PCR proceedings. (Doc. 48 at 1.) The items remain under seal. (*Id.*) According to Miller, his unredacted petition "refers to and cites information" from those sealed records, including Miller's Rule 11 competency evaluations, a wiretap affidavit, and a transcript from a hearing addressing defense counsel's "impairments and eventual removal from the case." (*Id.*) Miller also states that petition contains "highly sensitive details of allegations of underage sexual abuse by and against both parties and non-parties to this litigation" and that "[i]n one allegation . . . against a non-party, the details surrounding the allegation may result in their public identification." (*Id.* at 2.)

With respect to the unredacted notice of request for evidentiary development, and one exhibit thereto, Miller again indicates that the documents contain "highly sensitive

---

[1] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011), held that "review under 28 U.S.C. § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits." *Shinn v. Ramirez*, 142 S. Ct. 1717, 1734 (2022), held that a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel" unless the prisoner can satisfy 28 U.S.C. § 2254(e)(2)'s stringent requirements under AEDPA."

details of allegations of sexual abuse by and against both parties and non-parties to this litigation." (Doc. 51 at 2.)

Respondents did not respond to Millers' requests to file the unredacted documents under seal.

Although there is "a strong presumption in favor of access to court records," the presumption can be overridden where there are "compelling reasons" to do so. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The compelling reasons standard applies even if the motion, or its attachments, were previously filed under seal. *Id.* at 1136.

As the Court previously determined (Doc. 38), there are compelling reasons to maintain under seal the limited portions of the record identified by Miller in his unredacted amended habeas petition and unredacted notice of request for evidentiary development. *See, e.g.*, *Tucker v. Shinn*, No. CV-21-0098-PHX-DJH, Doc. 78 (D. Ariz. February 4, 2020) (finding compelling reasons to seal, for privacy and other reasons, "police department records, mental health records, juvenile records, and declarations from multiple witnesses regarding two individuals Petitioner alleges his trial counsel should have investigated to support a potential third-party defense").

### III. Conclusion

Miller has shown good cause to exceed the 200 page limit of Rule 3.5(b). He has shown compelling reasons to file under seal his unredacted amended habeas petition and his unredacted notice of request for evidentiary development and attached exhibit.

Accordingly,

**IT IS HEREBY ORDERED granting** Miller's motion for leave to file a redacted amended habeas petition. (Doc. 46.) The Clerk shall file the proposed redacted amended habeas petition lodged with Miller's motion (lodged at Doc. 47).

**IT IS FURTHER ORDERED** that Respondents may file a response to the amended petition that exceeds the 200-page limit by 44 pages. *See* LRCiv 3.5(b).

1     **IT IS FURTHER ORDERED granting** Miller's motion to file under seal an unredacted amended habeas petition. (Doc. 48.) The Clerk shall file the proposed unredacted amended habeas petition lodged with Miller's motion (lodged at Doc. 49).

    **IT IS FURTHER ORDERED granting** Miller's motion to file under seal an unredacted notice of request for evidentiary development. (Doc. 51). The Clerk shall file under seal Miller's proposed unredacted notice of request for evidentiary development and the attached exhibit (lodged at Doc. 52).

    Dated this 21st day of September, 2022.

                                       Honorable Roslyn O. Silver
                                       Senior United States District Judge